UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CODELL PRIDE, JR., CDCR #G-39318,<br><br>Plaintiff,<br><br>vs.<br><br>DR. STRAGA,<br><br>Defendant. | Case No.: 3:14-0414-JLS-DHB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>(ECF No. 56) |

David Codell Pride, Jr., ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In his Fourth Amended Complaint ("FAC"), Plaintiff claims Defendant Dr. Straga was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment Rights. Currently before this Court is Defendant Straga's Motion to Dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). ("Mot.," ECF No. 56.) On August 8, 2018, Plaintiff filed his Opposition to which Defendant filed a Reply. ("Opp'n," ECF No. 57; Reply, ECF No. 59.)

///

///

Having carefully considered Defendant's Motion, Plaintiff's FAC, his Opposition, and Defendant's Reply as submitted, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's FAC pursuant to Rule 12(b)(6) (ECF No. 56) based on his failure to state an Eighth Amendment claim upon which section 1983 relief can be granted. Because the Court also finds Plaintiff's Eighth Amendment claim could not be cured by alleging additional facts, the Court **DENIES** leave to amend as futile.

## BACKGROUND

Plaintiff alleges that he is a "patient/prisoner in CDCR's Extensive Mental Health Program ("EOP") and is being treated with psychotherapy and psychotropic medications." *See* FAC at 3. Plaintiff claims he has "several serious medical conditions" including a "ruptured/bulging disc, pinched nerves and chronic care needs for his neck, back, shoulder and knee." *Id.*

On February 24, 2009, Plaintiff began treatment for his medical conditions with Dr. Straga. *Id.* at 4. Plaintiff alleges "for reasons unrelated to 'medical care,'" Dr. Straga stopped Plaintiff's prescription for Tramadol which Plaintiff claims was "effective" for his pain management. *Id.* Dr. Straga purportedly told Plaintiff that she was not going to prescribe this medication to Plaintiff due to "alleged abuse of this medicine by 'other' prisoners." *Id.*

Plaintiff was "eventually placed on the medication Neurontin" but claims that Dr. Straga "should have known that Neurontin is not truly effective for most cases of neuropathy." *Id.* Plaintiff claims that using this medication for "neuropathic pain" is "off-label" and "there is no evidence/documentation in the medical field to support its use." *Id.*

On the first day that Plaintiff was examined by Dr. Straga, he claims she "asserted that Plaintiff 'would likely need' a higher than average dose" of Neurontin due to his weight. *Id.* at 5. Plaintiff "began to notify that the Neurontin was not providing any relief from nerve pain." *Id.* However, Plaintiff alleges Dr. Straga "disregarded this non-effectiveness of Neurontin and would only increase it" for the following seventeen months. *Id.*

|  |  |
|---|---|
| 1 | Plaintiff claims he "began to have extreme adverse symptoms such as vision |
| 2 | impairment, swollen limbs, dizziness, rashes, loss of coordination, etc." *Id.* Plaintiff |
| 3 | alleges that these "symptoms were noticed by a nurse" and this nurse told Plaintiff that |
| 4 | these symptoms were "side-effects from the Neurontin." *Id.* at 5-6. Dr. Straga |
| 5 | "discontinued the Neurontin" on July 19, 2010. *Id.* at 6. When Plaintiff notified Dr. Straga |
| 6 | of the symptoms, he alleges that Dr. Straga would "prescribe medications like creams, |
| 7 | antacids, etc." *Id.* Plaintiff claims Dr. Straga was deliberately indifferent to his medical |
| 8 | needs because "Neurontin labels clearly call for stopping the use if the side-effects Plaintiff |
| 9 | developed occurred." *Id.* at 7. |

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Bryan v. City of Carlsbad*, 207 F. Supp. 3d 1107, 1114 (S.D. Cal. Mar. 20, 2018).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss," *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss). However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not

required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.")); *see also Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1228-29 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive

///

of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I. Eighth Amendment – Inadequate Medical Care Claims

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104); *see also Wilhelm v. Rotman*, 680 F.3d 1108, 1113 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Here, Dr. Straga does not argue that Plaintiff has failed to allege facts to plausibly show that his medical needs were 'serious,' and the Court finds Plaintiff's FAC is sufficiently pleaded in this regard. *See e.g Amason v. Wedell*, No. 2:12-CV-0388 KJN P,

2014 WL 2987695, at *3 (E.D. Cal. July 1, 2014) (assuming prisoner's "cellulitis, neuropathy, leg, foot, and ankle swelling and pain" were sufficiently serious medical needs under the Eighth Amendment).

Therefore, the Court must next decide whether Plaintiff's FAC further contains sufficient "factual content" to show that Dr. Straga acted with "deliberate indifference" to his needs. *McGuckin*, 914 F.2d. at 1060; *see also Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

While Plaintiff claims Straga "disregarded the non-effectiveness of Neurontin" and provided a "course of treatment" which was "medically unacceptable," FAC at 6, his pleading lacks the "further factual enhancement" which demonstrates that Dr. Straga's "purposeful act[s] or failure[s] to respond to [his] pain or possible medical need," or any "harm caused by [this] indifference." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Indeed, Plaintiff's pleading offers only the type of "labels and conclusions" or "formulaic recitation[s] of the elements of a[n] [Eighth Amendment] cause of action that will not do." *Iqbal*, 662 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.)

Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106; *see, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050; *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Instead, Plaintiff must allege that "the course of treatment

the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to [his] health.'" *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citations omitted).

Plaintiff alleges in his FAC that "there is no evidence/documentation in the medical field to support" the use of Neurontin for his medical condition. FAC at 4. Plaintiff cites to *Smith v. Adam*, 2013 WL 1283478 (N.D. Cal. 2014) to support his contention that "Neurontin provides questionable benefits and can increase the potential harmful side effects for the patient." *Id.* In *Smith,* the district court, in finding that defendants were entitled to summary judgment on the plaintiff's Eighth Amendment claims, relied on a declaration of a prisoner's treating physician in which he stated "that it is CDCR practice 'to not prescribe medications for off-label use unless there is a documented evidence based need.'" *Id.* at * 3. This treating physician also attached a medical article published in May of 2010 that concluded the "off label" use of Neurontin had "questionable benefit and can increase the potential for harmful side effects for the patient." *Id.* These facts do not demonstrate that the manner in which Dr. Straga is alleged to have prescribed Neurontin to Plaintiff was "medically unacceptable." *Hamby*, 821 F.3d at 1092. As the Court informed Plaintiff in the previous Order dismissing his Third Amended Complaint, "Plaintiff's reliance on this one case sweeps too broadly." *See* Apr. 10, 2018 Order, ECF No. 51 at 8.

The one case Plaintiff cites indicates that there was one medical report in May of 2010 indicating that Neurontin may be ineffective for treating Plaintiff's condition. It does appear that the CDCR restricted the use of Neurontin for use in treating Plaintiff's condition in 2011. *See Haney v. Nagalama*, No. 11-cv-1218-MCE-CMK-P WL 4482866, at *1 (E.D. Cal. Aug. 20, 2013); *Johnson v. Sepulveda*, No. 11-cv-6693-JST (PR), at *1-3 (N.D. Cal. Sept. 23, 2013). Plaintiff alleges that he was prescribed Neurontin from February 24, 2009 to July of 2010. *See* FAC at 5. Plaintiff lists just one study published only three months prior to the time that Dr. Straga stopped prescribing the medication to him to support his claim that Dr. Straga's treatment of him was medically unacceptable.

7

3:14-0414-JLS-DHB

The CDCR did not restrict the use of Neurontin until after Plaintiff stopped taking the medication.

To the extent Plaintiff continues to object to the decision by Dr. Straga to prescribe Neurontin, his difference of opinion still "does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. While he has been provided an opportunity to do so, Plaintiff's FAC still fails to allege facts sufficient to "show that the course of treatment [Dr. Straga] chose was medically unacceptable under the circumstances," or that she acted "in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted). In fact, Plaintiff alleges that he informed Dr. Straga of the side effects he was experiencing due to Neurontin but he also alleges that Dr. Straga would prescribe medication "when Plaintiff notified her of symptoms and continued pain." FAC at 6. Thus, the Court finds there are no facts that Dr. Straga chose the treatment prescribed to Plaintiff in "conscious disregard of an excessive risk to [Plaintiff's] health." *Hamby*, 821 F.3d at 1092.

Based on the above, the Court finds that Plaintiff's FAC contains no facts sufficient to show that Dr. Straga acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety," or choosing any "medically unacceptable" course of treating his medical condition in conscious disregard to his health. *See Farmer*, 511 U.S. at 837; *Snow*, 681 F.3d at 988.

Accordingly, the Court **GRANTS** Defendant Straga's Motion to Dismiss Plaintiff's Fourth Amendment Complaint for failing to state a claim upon which relief may be granted.

## II. Leave to Amend

Although leave to amend is liberally granted if a pleading can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).
///

Because Plaintiff has already been granted leave to amend his pleading twice, *see* ECF Nos. 43, 51, the Court finds further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding district court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend, but to no avail); *Harper v. Schwarzenegger*, 613 F. App'x 648 (9th Cir. 2015).

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant Straga's Motion to Dismiss Plaintiff's Fourth Amended Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 56) and **DENIES** further leave to amend as futile.

The Clerk shall enter judgment accordingly and close the file.

**IT IS SO ORDERED**.

Dated: January 30, 2019

Hon. Janis L. Sammartino
United States District Judge